UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LACY DAVIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-201 (RMC) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

Pro se Plaintiff Lacy Davis, III, is a federal inmate who brought this suit against the Federal Bureau of Prisons ("BOP"),[1] alleging that he should be placed in BOP's drug abuse treatment program and that upon completion of the program, he should be considered for a reduced sentence.  He contends that BOP's denial of his request to be placed in the program was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701.  On October 23, 2007, the Court dismissed his suit for lack of subject matter jurisdiction because a BOP placement decision is not open to challenge under the APA.  Mr. Lacy now moves for reconsideration.  He also seeks leave to amend.

**I.  FACTS**

Mr. Davis is incarcerated currently at the Federal Correctional Institution ("FCI") in Fairton, New Jersey.  Prior to his FCI incarceration, Mr. Davis was incarcerated at the GEO Rivers Correctional Institution, a contract correctional facility administered by the Wackenhut Corrections

_____

[1] Defendants are the Federal Bureau of Prisons and its Director, Harley Lappin, in his official capacity.

Corporation.  While at the GEO Rivers facility, Mr. Davis participated in the "New Beginning After

Care" drug treatment program.  He contends that his participation in the New Beginning program

was the equivalent of participation in the first step of BOP's three-step drug abuse treatment

program.  He originally argued that BOP should place him into the second step of the program and

upon completion, that BOP should consider reducing his sentence.  BOP denied Mr. Davis's request

under 18 U.S.C. § 3621(b) because the New Beginning program was not a BOP-operated program

and because inmates are eligible "ordinarily . . . within thirty-six months of release."  Mr. Davis's

release date is not until November 13, 2012.

>       The Court's Memorandum Opinion dismissed this suit as follows:
>
>>       In general, the APA provides for judicial review of federal
>>  agency action and thus constitutes a waiver of sovereign immunity.
>>  5 U.S.C. § 702.  The APA, however, also provides an exception to
>>  the waiver of sovereign immunity — that is, judicial review is not
>>  available when (1)  a statute precludes judicial review or (2) agency
>>  action is committed to agency discretion.  5 U.S.C. 701(a).
>
>>       The Executive Branch has the authority to administer the
>>  federal prison system, 18 U.S.C. § 4001, and the Attorney General
>>  delegated this authority to BOP.  *See* 28 C.F.R. § 0.96; *see also* 18
>>  U.S.C. § 3621 (a) & (b) (Congress provides custody of sentenced
>>  inmates to BOP).  Among other duties, BOP provides residential
>>  substance abuse treatment to eligible prisoners, *id*. § 3621(e), and has
>>  the discretion to reduce the sentence of inmates who complete the
>>  program.  *Id*. § 3621(e)(2)(B).
>
>>       The statute that delegates this authority to BOP precludes
>>  review under the APA of  BOP placement determinations.  The
>>  statute provides that the APA "does not apply to the making of any
>>  determination, decision, or order under this subchapter."  *Id*. § 3625.
>>  "This subchapter" refers to sections 3621-3626, the "Imprisonment"
>>  subchapter of the  "Post-Sentence Administration" chapter, Title 18.
>>  Therefore, the statute excludes APA review of BOP determinations
>>  regarding placement of inmates in substance abuse treatment.  *See,*
>>  *e.g.*, *U.S. v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (court lacked

authority to order that defendant participate in drug treatment program, as that determination is within sole discretion of BOP); *Landry v. Hawk-Sawyer*, 123 F. Supp. 2d 17, 19 (D.D.C. 2000) (§ 3625 precludes court review of BOP's substantive decision in an individual case); *see also Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (even if prisoner is eligible for sentence reduction due to completion of BOP drug treatment program, BOP has sole discretion to determine whether to grant sentence reduction). In sum, APA review of BOP's decision not to place Mr. Davis in its substance abuse treatment program is not available. Thus, the APA's waiver of sovereign immunity does not apply, and this Court lacks jurisdiction.

Mem. Op. filed Oct. 23, 2007 [Dkt. # 16].

Mr. Davis filed a motion for reconsideration and a motion to amend his complaint, seeking to assert a claim that the BOP exceeded its authority by not making the substance abuse treatment program available to those (like Mr. Davis) who completed a substance abuse treatment program in a contract correctional facility. He seeks to challenge the BOP rule excluding those who have completed non-BOP substance abuse programs from credit in the BOP substance abuse program.

## II.  ANALYSIS

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). Further, while leave to amend "shall be freely

3

given when justice so requires," Fed. R. Civ. P. 15(a), a motion to amend should be denied if the

amendment would be futile because the proposed claim would not survive a motion to dismiss.

*James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Robinson v. Detroit News, Inc.*,

211 F. Supp. 2d 101, 114 (D.D.C. 2002).

Mr. Davis's request for reconsideration and for leave to amend must be denied, as

BOP did not act arbitrarily or capriciously in this case.  The APA requires a reviewing court to set

aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law."  5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. Drug Enforcement Admin.*,

259 F.3d 731, 736 (D.C. Cir. 2001).  In making this inquiry, the reviewing court "must consider

whether the [agency's] decision was based on a consideration of the relevant factors and whether

there has been a clear error of judgment."  *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378

(1989) (internal quotation marks omitted); *see also Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988

F.2d 186, 197 (D.C. Cir. 1993) ("The requirement that agency action not be arbitrary or capricious

includes a requirement that the agency adequately explain its result.").  As the Supreme Court has

explained, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court

is not to substitute its judgment for that of the agency."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v.

State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  If the district court can "reasonably discern"

the agency's path, it should uphold the agency's decision.  *Pub. Citizen*, 988 F.2d at 197.

BOP interpreted 18 U.S.C. § 3621(e) consistently with legislative intent.  Section

3621 requires the BOP to provide substance abuse treatment within the federal prisons; it does not

apply to contract facilities.  H.R. 103-320 Residential Substance Abuse Treatment in Federal Prisons

(Nov. 3, 1993) at 4-6. Further, Congress noted that short-term treatment programs have little or no

lasting effect, that programs should be long term, and they should be residential.  *Id*.  Thus, the BOP

developed a program with these considerations in mind, a program "designed to target conduct and

responsibility as the keys to overcome drug dependency."  Defs.' Mem. in Supp. of Mot. to Dismiss

[Dkt. # 10] at 8.  The New Beginning program is not part of the BOP program, and it does not follow

the structure and design of the BOP's three-step program.  Moreover, BOP has not yet determined

Mr. Davis's eligibility to participate in the BOP program, as BOP policy requires that such

determination be made 36 months prior to release and Mr. Davis has not yet reached that time frame.

BOP did not act arbitrarily and capriciously.

### III.  CONCLUSION

For the reasons explained above, Mr. Davis's Motion to Alter or Amend [Dkt. #18]

and his Motion for Leave to Amend [Dkt. # 20] will be denied.  A memorializing order accompanies

this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE:   February 26, 2008